IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RUBIN ANTHONY MERIDA,<br><br>  Plaintiff,<br><br>v.<br><br>WIRELESS VISION, LLC, a Michigan limited liability company,<br><br>  Defendant. | CIVIL NO. |

## COMPLAINT

Plaintiff, Rubin Anthony Merida ("Mr. Merida" or "Plaintiff"), by and through the undersigned counsel, files this Complaint for Damages and other relief against Defendant WIRELESS VISION, LLC ("WIRELESS VISION" or "Defendant") and in support thereof further states and alleges as follows:

### NATURE OF THE ACTION

1. The instant action arises from Defendant's violations of Mr. Merida's rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, (hereinafter "FLSA"), and specifically the provisions of the FLSA found at § 216(b) to remedy violations of the overtime provisions of the FLSA by Defendant which have deprived Mr. Merida of his lawful overtime wages.

2. Plaintiff alleges that he is entitled to: (i) unpaid overtime for hours worked above forty (40) hours in a work week, as required by law, and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201, *et seq*.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 § U.S.C. § 216(b).

4. Venue is proper in the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims, as described in this Complaint, occurred within the Northern District of Georgia.

5. At all times pertinent to this Complaint, Defendant was a business engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

6. At all times pertinent to this Complaint, Defendant had two or more employees who regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce.

7. The annual gross sales volume of Defendant was in excess of $500,000.00 per annum at all times pertinent to this Complaint.

8. Defendant is an "enterprise" and "enterprise engaged in commerce" as defined by §§ 3(r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s).

9. Defendant may be served with process through its registered agent for service of process, Corporation Service Company, 40 Technology Pkwy South, #300, Gwinnett, Norcross, GA, 30092.

## PARTIES

10. Mr. Merida is a resident of Duluth, Georgia.

11. Mr. Merida is a former employee of Defendant.

12. Mr. Merida is a covered employee within the meaning of the FLSA.

13. Defendant is a limited liability company with a principal place of business in Bloomfield Hills, Michigan which maintains multiple retail locations in the state of Georgia, and does business in the state of Georgia, including this judicial district.

14. Defendant is a covered employer within the meaning of the FLSA, and at all times relevant, employed Mr. Merida.

## FACTUAL BACKGROUND

15. Mr. Merida began working for Defendant on or about November 14, 2016.

16. Mr. Merida's employment with Defendant terminated on or about September 8, 2017.

17. Mr. Merida's position while employed by Defendant was titled Manager in Development.

18. While employed by Defendant, Mr. Merida was classified as non-exempt pursuant to the FLSA.

19. Mr. Merida was hired by and employed by Defendant with the agreement between them that he would be paid an hourly rate of pay for all time worked.

20. While employed by Defendant, Mr. Merida was eligible for and earned commission payments.

21. Defendant did not include Mr. Merida's commission payments when calculating Mr. Merida's regular hourly rate.

22. Mr. Merida was assigned to Defendant's Tucker, Georgia location when he began working for Defendant.

23. On, or about, March 20, 2017, Mr. Merida transferred from Defendant's Tucker, Georgia location to its Lawrenceville, Georgia location.

24. Mr. Merida's supervisor at the Lawrenceville location was Basil Willis.

25. While working at the Tucker and Lawrenceville locations, Mr. Merida regularly worked more than 40 hours per work week.

26. Defendant recorded some of the time worked by Mr. Merida through the use of a computerized time system.

27. While working at the Lawrenceville location, Mr. Merida's supervisor was aware of the overtime hours Mr. Merida was working each week.

28. While working at the Lawrenceville location, Mr. Willis informed Mr. Merida that he would not be compensated for the hours he worked in excess of 40 per work week, and Mr. Willis instructed Mr. Merida to stop recording any hours that he worked over 40 per work week.

29. Mr. Willis had the ability to log Mr. Merida and other employees in and out of the computerized time keeping system.

30. Mr. Merida continued to record all of his working time for several weeks after receiving the instruction from Mr. Willis, but he noticed that Mr. Willis was changing his recorded time to delete any overtime hours that Mr. Merida recorded.

31. Upon information and belief, the data entered into the computerized time keeping system was transmitted to and reviewed by Defendant, along with actual payroll data for the same time periods; and a reasonable review of that data

would show that Mr. Merida's time worked had been altered or reduced from the time actually worked.

32. Mr. Willis continued to instruct Mr. Merida that he could not record more than 40 hours per work week, so after several weeks, Mr. Merida stopped recording all of his working hours.

33. As a result, Defendant failed to accurately record and pay Mr. Merida for time worked prior to clocking in to his scheduled shift, for time worked following the time he was required to clock out, and for time worked during unpaid meal breaks.

34. In June 2017, Mr. Merida complained to the District Manager, Damon Mosley, that he was not permitted to record all of the hours he spent working at the Lawrenceville location and that he was not being paid for all his working time. Mr. Mosley told Mr. Merida that he would look into his complaint.

35. After failing to hear back from Mr. Mosley, Mr. Merida followed up his complaint by sending an email to Mr. Mosley to notify him that he was not being paid for all the hours he worked.

36. After sending the email to Mr. Mosley, Mr. Merida was transferred out of the Lawrenceville location.

37. Mr. Merida then complained to Sarah Sichko in Defendant's Human Resource department about the transfer, and he notified Ms. Sichko that he had not been paid for all of the hours he worked at the Lawrenceville location. Mr. Merida told Ms. Sichko that he believed the transfer was due to him complaining about not being paid for all the hours he was working.

38. After complaining to Ms. Sichko, she told Mr. Merida she would get back to him regarding his complaint that he had not been paid for all his working time.

39. Mr. Merida received multiple assurances that someone would follow-up with him regarding his complaint that he was not paid for all the hours he worked.

40. No one ever followed-up with Mr. Merida in response to his multiple complaints that he was not paid for all the hours he worked.

41. Mr. Merida endured months of being required to work off-the-clock and having his time records altered to reduce his working hours so that he was not paid for all the hours he worked. Mr. Merida complained multiple times to Mr. Willis, Mr. Mosely, and Ms. Sichko about not being paid for all the hours he worked, and no one ever followed-up on his complaints. Instead of continuing to remain with Defendant and work without being paid for all his working time, Mr. Merida resigned his employment.

42. Throughout Mr. Merida's employment, Defendant knowingly, intentionally, and willfully violated the FLSA by failing to pay Mr. Merida the overtime compensation and other compensation to which he is entitled.

## COUNT I

### WILLFUL FAILURE TO PAY MR. MERIDA'S OVERTIME FOR ALL HOURS WORKED IN EXCESS OF 40 HOURS PER WORKWEEK

43. Mr. Merida re-alleges and incorporates by reference the allegations in paragraphs 1 – 42.

44. The overtime wage provisions set forth in §§ 201, *et seq.* of the FLSA apply to Defendant.

45. Defendant failed to pay Mr. Merida overtime wages which he is entitled under the FLSA.

46. Defendant's violations of the FLSA, as described in this Complaint, have been willful within the meaning of 29 U.S.C. § 255.

47. As a result of Defendant's willful violations of the FLSA, Mr. Merida has suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201, *et seq*.

48. As a result of the unlawful acts of Defendant, Mr. Merida has been deprived overtime compensation and other wages in amounts to be determined at trial, and is entitled to the recovery of such amounts, liquidated damages,

prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

Based on the allegations set forth in this complaint and the evidence as it is developed in this case, Plaintiff respectfully prays that the Court:

- enter judgment in favor of Plaintiff;
- award Plaintiff unpaid wages for all hours worked in excess of forty (40) in a work week at a rate of time and one-half of the regular rate of pay due under the FLSA;
- enter judgment against Defendant that their violations of the FLSA were willful;
- award Plaintiff liquidated damages as a result of Defendant's willful failure to pay for all hours worked in excess of forty (40) in a work week at a rate of time and one-half of the regular rate of pay pursuant to the FLSA;
- award Plaintiff his attorney's fees and litigation costs incurred in prosecuting these claims as provided for under the FLSA; and
- grant Plaintiff all other further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury.

Dated: February 6, 2018

Respectfully submitted,

s/John T. Stembridge
John T. Stembridge
Georgia Bar No. 678605
John@StembridgeLaw.com
Stembridge Law, LLC
2951 Piedmont Road, Suite 300
Atlanta, GA 30305
Telephone: 404-604-2691