IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RUBIN ANTHONY MERIDA,

       Plaintiff,

v.

WIRELESS VISION, LLC, a Michigan
limited liability company,

       Defendant.

CIVIL NO. 1:18-cv-569-SCJ

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.2 of the United States District Court for the Northern District of Georgia, Plaintiff Anthony Merida ("Plaintiff") and Defendant Wireless Vision, LLC, ("Defendant") submit their Joint Preliminary Report and Discovery Plan.

1. **Description of Case:**

   (a) **Describe briefly the nature of this action.**

Plaintiff:

Plaintiff, a former employee of Defendant, alleges violations of the Fair Labor Standards Act, 29 U.S.C §§ 201, *et seq.* (the "FLSA"), specifically that

Plaintiff was not properly paid for all the hours he worked, including those hours over 40 that he worked each work week while employed by Defendant.

Defendant:

Defendant denies that it has engaged in any unlawful conduct or otherwise violated Plaintiff's rights under federal law and further denies that Plaintiff is entitled to the relief requested or any relief whatsoever.

**(b)    Summarize, in the space provided below, the facts of this case.  The summary should not be argumentative nor recite evidence.**

Plaintiff's Summary:

Plaintiff was hired by Defendant as an Assistant Manager.  During his employment with Defendant, Plaintiff was classified by Defendant as non-exempt pursuant to the FLSA.  On, or about, March 20, 2017, Plaintiff was transferred to Defendant's Lawrenceville, Georgia location, and was identified as a management candidate.  Upon beginning work at the Lawrenceville location, Plaintiff was required to work more than 40 hours per week but was not properly compensated for those hours.  Plaintiff complained to his Manager but was nothing was done. On, or about, May 25, 2017, Plaintiff complained to his District Manager and also complained to Defendant's Human Resources department regarding this issue, but he still was not paid for the hours he worked.  After Plaintiff complained about not

being paid correctly, Plaintiff was told he was no longer on a management track. Shortly after being told this, Plaintiff felt forced to resign his employment.

Defendant's Summary:

Plaintiff was hired as a Manager In Development/Assistant Store Manager and started work on or about November 8, 2016 as a non-exempt employee making $15.39 per hour at Wireless Vision's Tucker location. On or about March 20, 2017, he was transferred to the Lawrenceville location where on or about April 25, 2017, he got into an altercation with a customer and received a written warning. The Plaintiff voluntarily resigned his employment on or about September 8, 2017. Plaintiff often did not record his start time in order to arrive at work late or failed to record his end time in order to leave early, and this required his Retail Store Manager to add information to Plaintiff's time records in order for Plaintiff to be paid which was based upon what Mr. Merida reported to his manager. Defendant's policies require all employees to record their time worked in an electronic timekeeping system.  Though this lawsuit, Plaintiff seeks to take advantage of his own machinations and failures to follow the policies.  Defendant denies that Plaintiff was not paid for all hours worked or not paid overtime.

(c)    **The legal issues to be tried are as follows:**

1)    Whether Defendant violated the FSLA by failing to compensate Plaintiff for all the hours he worked;

3

2)   Whether Defendant failed to properly calculate Plaintiff's hourly rate by failing to include earned commission payments, and if so, a determination of the proper method of calculating the overtime damages if Plaintiff is entitled to overtime damages;

3)   Whether Defendant acted or failed to act in good faith if and when it violated the FLSA entitling the Plaintiff to liquidated damages;

4)   Whether Defendant violated the FLSA by retaliating against Plaintiff; and

5)   Whether any of Defendant's defenses bar or limit Plaintiff's recovery.

(d)   **The cases listed below (include both style and action number) are:**

(1)   **Pending Related Cases:** None.

(2)   **Previously Adjudicated Related Cases:** None.

**2.    This case is complex because it possesses one (1) or more of the features listed below (please check):**

_____ **(1) Unusually large number of parties**

_____ **(2) Unusually large number of claims or defenses**

_____ **(3) Factual issues are exceptionally complex**

_____ **(4) Greater than normal volume of evidence**

_____ **(5) Extended discovery period is needed**

4

\_\_\_\_\_ **(6) Problems locating or preserving evidence**

\_\_\_\_\_ **(7) Pending parallel investigations or action by government**

\_\_\_\_\_ **(8) Multiple use of experts**

\_\_\_\_\_ **(9) Need for discovery outside United States boundaries**

\_\_\_\_\_ **(10) Existence of highly technical issues and proof**

\_\_\_\_\_ **(11) Unusually complex discovery of electronically stored**
        **information**

The Parties do not view this case as particularly complex at this time.

**3.      Counsel:**

**The following individually named attorneys are hereby designated as lead counsel for the parties.**

Plaintiff:

John T. Stembridge
Stembridge Law, LLC
2951 Piedmont Road,
Suite 300
Atlanta, Georgia 30305
Phone: (404) 604-2691
John@StembridgeLaw.com

Defendant:

Joseph S. Streb (*pro hac vice*)
Joseph S. Streb, Co., L.P.A.
736 Neil Avenue
Columbus, Ohio 43215
Telephone:  614-224-0200
Facsimile:  614-224-9323
Email: Streblaw@sbeglobal.net

5

**4.   Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

_____Yes   __X__No

**If "yes", please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection.   When there are multiple claims, identify and discuss separately the claims(s) on which the objection is based. Each objection should be supported by authority.**

**5.   Parties to This Action**

(a)   **The following persons are necessary parties who have not been joined:**  None.

(b)   **The following persons "may be" improperly joined as parties:**  None.

(c)   **The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**  None.

(d)   **The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

**6.      Amendments to the Pleadings**

**Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15.   Further instructions regarding amendments are contained in LR 15.**

**(a)      List separately any amendments to the pleadings which the parties anticipate will be necessary:**

Plaintiff will file an amended complaint pursuant to Fed. R. Civ. P. 15 and LR 15 to add a second count alleging retaliation under the FLSA. The defense disputes that Plaintiff has sufficient grounds for doing so, as Plaintiff had any information necessary to do so prior to filing his original complaint.

**(b)      Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed will not be accepted for filing, unless otherwise permitted by law.**

**7.      Filing Times for Motions:**

**All motions should be filed as soon as possible.   The local rules set specific filing limits for some motions.   These times are restated below.**

All other motions must be filed **WITHIN THIRTY (30) DAYS** after the beginning of discovery, unless the filing party has obtained prior permission of the Court to file later.  **Local Rule 7.1A(2).**

(a)  *Motions to Compel*:  before the close of discovery or within the extension period allowed in some instances.  **Local Rule 37.1.**

(b)  *Summary Judgment Motions*:  within thirty (30) days after the close of discovery, unless otherwise permitted by court order.  **Local Rule 56.1.**

(c)  *Other Limited Motions*:  Refer to Local Rules 7.2, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d)  *Motions Objections to Expert Testimony*:  <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted.  **Refer to Local Rule 7.2F.**

8.     **Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with **Fed. R. Civ. P. 26.**  If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.

The Parties do not object to exchanging Initial Disclosures

8

**9.     Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court?  If so, please state the issues which could be addressed and the position of each party.**

The parties do not request a scheduling conference at this time.

**10.     Discovery Period:**

**The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint.  As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

**Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-month discovery period, (b) four (4)-month discovery period, and (c) eight (8)-month discovery period.  A chart showing the assignment of cases to a discovery track by filing category is contained in <u>Appendix F</u>.  The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

**Please state below the subjects on which discovery may be needed:**

The parties believe discovery may be needed regarding the issues raised in Plaintiff's Complaint and Plaintiff's Amended Complaint (although the defense disputes whether Plaintiff should be allowed to amend his Complaint), Plaintiff's

alleged damages, if any, and the defenses asserted in Defendant's Answer, in compliance with the Federal Rules of Civil Procedure.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

The parties do not presently anticipate that additional time for discovery will be needed.  Counsel will confer and file appropriate motions should it become necessary to request an extension of the discovery period**.**

**11.  Discovery Limitation and Discovery of Electronically Stored Information:**

**(a)    What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

None at this time.

**(b)    Is any party seeking discovery of electronically stored information?**

**  X  Yes ____ No**

**If "yes,"**

**(1)    The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

Plaintiff requests Defendant's potential sources of ESI.  Specifically, Plaintiff hoped to agree in advance of discovery on the following topics: (1) what devices will be searched, (2) appropriate search terms, (3) a date range to be

searched, and (4) how the search will be conducted.  Plaintiff proposed that once agreement is reached, the parties file a "Stipulation Regarding Electronic Discovery."

Specifically, Plaintiff requests the following information.  Between November 14, 2016 through September 8, 2017 ("Relevant Time Period") identify the types of cell phones, cell service providers, e-mail service (e.g. outlook, g-mail, etc.), computers, or other sources of potential ESI data for each of the following people:

     A.    Basil Willis

     B.    Damon Mosley

     C.    Sarah Sichko

In addition, Plaintiff requests that Defendant identify all sources of timekeeping data that was maintained for employees working at Defendant's Lawrenceville location during the Relevant Time Period.

The defense does not agree to and objects to any attempts by Plaintiff to discover the trade secrets, confidential or proprietary information of Wireless Vision or its affiliates or contractors.  Further, the defense objects to any attempts by Plaintiff to discovery personal devices, service providers, cell phones, computers, e-mail, social media sources or any similar information or alleged sources of ESI regarding any of its employees and/or any attorney-client privileged or work product information.

**(2)   The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:**

*Electronically Stored Information.* The parties agree to exchange Electronically Stored Information ("ESI") documents as follows:

(a) <u>Cooperative Proclamation</u>: The parties agree to work collaboratively and in good faith regarding the production of ESI. The parties agree to preserve originals of documents in place, including ESI.

(b) <u>Identification of Not Reasonably Accessible ESI:</u> To the extent that a party excludes from production ESI from any source on the basis that the source is not reasonably accessible due to undue cost or burden, the party shall identify the source at issue and provide information regarding the ESI believed to be contained on the source as well as an explanation of the burdens in producing the ESI.

(c) The parties will produce electronic documents in the following format:

     i. Defendant requests that any documents that exist in electronic form will not be produced in native or near-native formats, unless specifically so requested pursuant to Rule 34(b)(1)(C) of the Federal Rules of Civil Procedure after any initial production and upon a showing of proportionality by the requesting party, and if then produced should not be converted to an imaged format (e.g. .TIFF or .PDF) unless such document must be redacted to remove privileged content or the document does not exist within your care, custody or control in a native electronic format. Native format requires production in the same format in which the information was customarily created, used, and stored by you.  The table below supplies examples of the native or near-native forms in which specific types of electronically stored information (ESI) should be produced:

     ii.

| Source ESI | Native or Near Native Form or Forms Sought |
|---|---|
| Microsoft Word documents | .DOC, .DOCX |
| Microsoft Excel Spreadsheets | .XLS, .XLSX |
| Microsoft PowerPoint | .PPT, .PPTX |

| Presentations | |
|---|---|
| Microsoft Access Databases | .MDB |
| WordPerfect documents | .WPD |
| Adobe Acrobat Documents | .PDF |
| Photographs | .JPG |
| E-mail | Messages should be produced so as to preserve and supply the source RFC 2822 content of the communication and attachments in a fielded, electronically-searchable format. For Microsoft Exchange or Outlook messaging, .PST format will suffice. Single message production formats like .MSG or .EML may be furnished, if source foldering data is preserved and produced. If your workflow requires that attachments be extracted and produced separately from transmitting messages, attachments should be produced in their native forms with parent/child relationships to the message and container(s) preserved and produced. |
| Databases (excluding e-mail systems) | Unless the entire contents of a database are responsive, extract responsive content to a fielded and electronically searchable format preserving metadata values, keys and field relationships. If doing so is infeasible, please identify the database and supply information concerning the scheme and query language of the database, along with a detailed description of its export capabilities, so as to facilitate Plaintiff |

| | crafting a query to extract and export responsive data. |
|---|---|

*Form of production for documents that do not exist in electronic form.* Documents that do not exist in a native electronic format or which require redaction of privileged content shall be produced in searchable .PDF format with logical unitization preserved.

*Cost of production.* The parties hereby agree that the parties will bear their own costs of production.  The parties will meet and confer if a party contends the cost of production is excessive and will notify the Court if they are unable to resolve any potential issues regarding the cost of production.

Further, Defendant has notified Plaintiff that Defendant Wireless Vision has a data retention policy under which all ESI that is not subject to litigation hold or legal requirement that it be retained is subject to destruction.

**In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.**

## 12. Other Orders:

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

At this time, the parties do not anticipate the need for any additional orders under Rule 26(c) or Rule 16(b) and (c).

## 13. Settlement Potential:

**(b)    Lead counsel for the parties certify by their signatures below that the parties conducted a Rule 26(f) conference that was held on March [ ], 2018, and that the parties participated in settlement discussions.   Other persons who participated in the settlement discussions are listed according to party.**

14

For Plaintiff: Lead counsel (signature):    <u>s/ John T. Stembridge</u>
         Other participants:

For Defendant: Lead counsel (signature):   <u>s/ Joseph S. Streb</u>
         Other participants:

**(c)** **All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

    **(   ) A possibility of settlement before discovery.**
    **( X ) A possibility of settlement after discovery.**
    **(   ) A possibility of settlement, but a conference with the judge is needed.**
    **(   ) No possibility of settlement.**

**(d)** **Counsel ( X ) do or (   ) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference has not yet been determined.**

**(e)** **The following specific problems have created a hindrance to settlement of this case.**

**2.** **Trial by Magistrate Judge:**

**Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

**(a)** **The parties (   ) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____, of 2018.**

**(b)** **The parties ( X ) do not consent to having this case tried before a magistrate judge of this Court.**

15

Respectfully submitted this 16th day of May, 2018.

| | |
|---|---|
| /s/ J.S. Streb | /s/ John T. Stembridge |
| Joseph S. Streb (*pro hac vice*) | John T. Stembridge |
| Joseph S. Streb, Co., L.P.A. | Georgia Bar No. 678605 |
| 736 Neil Avenue | Stembridge Law, LLC |
| Columbus, Ohio 43215 | 2951 Piedmont Road, Suite 300 |
| Telephone:  614-224-0200 | Atlanta, Georgia  30305 |
| Facsimile:  614-224-9323 | Telephone: (404) 604-2691 |
| Email: Streblaw@sbeglobal.net | Email: john@stembridgelaw.com |
| | |
| Sean M. Libby | Attorney for Plaintiff |
| Georgia Bar No. 363631 | |
| Elarbee, Thompson, Sapp & Wilson LLP | |
| 800 International Tower | |
| 229 Peachtree Street, NE | |
| Atlanta, Georgia 30303 | |
| | |
| Attorneys for Defendant | |

\* \* \* \* \*

## SCHEDULING ORDER

Upon review of information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as stated in the above completed form, except as herein modified:

_____

_____

_____

_____

      IT IS SO ORDERED, this _____ day of _____, 2018.


                                        _____
                                        UNITED STATES DISTRICT JUDGE