## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| RUBIN ANTHONY MERIDA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO.: |
| vs. | ) | 1:18-cv-00569-SCJ |
| | ) | |
| WIRELESS VISION, LLC, a Michigan | ) | |
| limited liability company, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>SETTLEMENT AGREEMENT AND RELEASE</u>

This Settlement Agreement (the "Agreement"), is entered into by and between Wireless Vision, LLC, hereinafter called "Defendant" or "Wireless Vision," and Rubin Anthony Merida, hereinafter called "the Plaintiff," for his claims that he was not paid wages and overtime wages pursuant to the provisions of the Fair Labor Standards Act ("FLSA") while employed by Defendant and as set forth in the First Amended Complaint in the above-captioned action (the "Lawsuit"). The parties understand this settlement is contingent upon Court approval, and this settlement will become effective upon Court approval.

## <u>RECITALS:</u>

WHEREAS, on the 6th day of February, 2018, Plaintiff filed this lawsuit pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA") against

Wireless Vision alleging that Plaintiff was not paid wages and overtime wages pursuant to the FLSA, and he should have been paid time-and-a-half wages for hours worked over forty in a workweek.  [Doc. #1].

WHEREAS, on the 28th day of March, 2018, the parties entered into a Stipulated Protective Order, and the Court entered the Protective Order or record. [Doc. #10].

WHEREAS, on the 4th day of April, 2018, Defendant made an offer of judgment to Plaintiff that Plaintiff did not accept.  Plaintiff subsequently filed a Motion To Strike the offer, and Defendant opposed the Motion.

WHEREAS, on the 30th day of April, 2018, Defendant filed an Answer to Plaintiff's initial Complaint denying the allegations of the Complaint and asserting various affirmative defenses, including without limitation, that the Plaintiff was paid all wages and overtime wages to which he was entitled. [Doc. # 11].

WHEREAS, on the 14th day of May, 2018, Plaintiff filed his First Amended Complaint, reiterating the claims he made in his initial Complaint, and setting forth claims for constructive discharge and retaliation. [Doc. #15].

WHEREAS, on the 25th day of May, 2018, Defendant filed an Answer to the First Amended Complaint denying the allegations of the Complaint and asserting various affirmative defenses, including without limitation, that the Plaintiff was

paid all wages and overtime wages to which he was entitled and Plaintiff voluntarily resigned from his employment with Defendant.  [Doc. # 25].

WHEREAS, on the 11th day of July, 2018, the Court entered an Order [Doc. #25] approving the parties' Joint Preliminary Planning Report and Discovery Plan, and the parties have engaged in discovery.

WHEREAS, the parties have engaged in considerable formal and informal discovery.

WHEREAS, prior to the lawsuit counsel for the parties engaged in settlement discussions to no avail.

WHEREAS, after the lawsuit was filed and for the past several months the parties, through counsel, continued with settlement discussions.

WHEREAS, the Defendant denies all allegations and all liability and damages of any kind to Plaintiff regarding the alleged facts and causes of action asserted in the Lawsuit; nevertheless, Defendant has agreed to settle all claims and causes of action herein on the terms and conditions set forth in this Settlement Agreement in order to avoid the burden, expense, and uncertainty of continuing the Lawsuit.

WHEREAS, the parties hereto recognize that the outcome of the Lawsuit is uncertain and that arriving at a final result through litigation would require substantial additional time, expense, and uncertainty.

WHEREAS, the parties have investigated and evaluated the allegations, facts, and law related to the claims of the Lawsuit to determine how to serve the interests of the Plaintiff in light of the time, expense, and uncertainty of continued litigation balanced against the benefits of settlement, the parties believe the settlement provided for in this Agreement is in their best interests, and the settlement provided for herein is fair, reasonable, and adequate.

WHEREAS, the parties and their respective heirs, executors, administrators, successors, assigns, owners, members, directors, officers, agents and affiliated companies desire a full and final settlement of all claims advanced in the Lawsuit.

## AGREEMENT:

**NOW THEREFORE**, in consideration of this Settlement Agreement and for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is agreed as follows:

**1.0.  Bona Fide Disputes**: The parties to this Agreement stipulate and agree that the terms are the result of *bona fide* disputes between the parties with respect to whether Plaintiff was paid all wages and overtime wages due to him (including FLSA claims and state law wage and hour claims),  whether any liquidated damages are appropriate, and the amount of attorneys' fees, costs, and expenses.

**2.0.  Settlement Amount For Plaintiff**:  Wireless Vision shall pay to Plaintiff the amounts set forth in this Section 2, as follows:

**2.1. Backpay**:  Wireless Vision shall pay to Plaintiff as and for backpay the amount of $1562.23.  Backpay payments **shall be** subject to applicable and customary tax withholding, and Plaintiff and the I.R.S. shall receive IRS Form W-2 Statements with respect thereto.

**2.2. Liquidated Damages**:  Wireless Vision shall pay to Plaintiff as and for liquidated damages the amount of $1562.23.  Liquidated damage payments shall **not be** subject to applicable and customary withholding, and Plaintiff and the I.R.S. shall receive IRS Form 1099 Statements with respect thereto, and they each shall be responsible for paying any local, state, and federal taxes thereon.

**2.3. Retaliation Damages**:  Wireless Vision shall pay to Plaintiff as and for any damages associated with Plaintiff's allegations of constructive discharge and/or retaliation, the amount of $6,875.54. This payment shall **not be** subject to applicable and customary withholding, and Plaintiff and the I.R.S. shall receive IRS Form 1099 Statements with respect thereto, and they each shall be responsible for paying any local, state, and federal taxes thereon.

**3.0.  Timing And Method Of Payment To Plaintiff**: Defendant shall pay the amounts agreed to be paid to Plaintiff, as follows:  Within **fifteen (15) days** of approval of this Settlement Agreement, including any required amendments, Wireless Vision will pay Plaintiff by delivering to his legal counsel three separate settlement checks, one for backpay, one for liquidated damages, and one for constructive discharge and retaliation.

**4.0. Attorney's Fees And Costs:**  Within **fifteen (15) days** of the approval of the settlement by this Court, Wireless Vision shall pay to Plaintiff's Counsel, John T. Stembridge, Esq. of Stembridge Law, LLC, 2951 Piedmont Road, Suite 300 Atlanta, Georgia 30305 by check payable to Stembridge Law, LLC and sent to the above address, the following amounts:

Attorney's Fees, Costs and Expenses, $20,000.00.

The payment to Attorney John Stembridge shall be for all attorney's fees, costs, and expenses, and he shall be responsible for payment of any fees, costs, and expenses of any local counsel, experts, administrators, contractors, or assigns.

      **5.0. Releases of Wireless Vision**: The parties hereto agree to the following

release:

      By operation of the entry of the Court's Order approving this settlement, the Plaintiff for himself and his respective heirs, administrators, executors, assigns, agents, and insurers HEREBY FOREVER RELEASES AND DISCHARGES WIRELESS VISION, including its owners, members, shareholders, directors, officers, managers, employees, agents, representatives, insurers, administrators, successors, assigns and any of its parents, divisions, subsidiaries and affiliates, and each of them in their official or individual capacities, from all wage and hour claims, whether known or unknown, under federal and applicable state and local law, including but not limited to claims under the Fair Labor Standards Act and any state wage payment act,  for the time period three years back from the date of filing of the Complaint herein through the date this Settlement is approved by the Court.

      Further, by operation of the entry of the Court's Order approving this settlement, by accepting and depositing the payment check for constructive discharge settlement referred to in Section 3.3 hereof (including deposit by mobile or remote phone deposit), the Plaintiff ratifies the foregoing release, and the Plaintiff, for himself and his respective heirs, administrators, executors, assigns, agents, insurers, and companies owned or operated by them, HEREBY FOREVER RELEASES AND DISCHARGES WIRELESS VISION, including its owners, members, shareholders, directors, officers, managers, employees, agents, representatives, insurers, administrators, successors, assigns and any of its parents, divisions, subsidiaries and affiliates, and each of them in their official or individual capacities, from all debts, claims, demands, damages, actions and complaints of whatever nature, whether known or unknown, arising out of the subject matter of the Lawsuit, but also including but not limited to, claims arising under any alleged employment agreement with the Company, claims of express or implied contract, third party beneficiary, promissory or equitable estoppel, and tort claims, including but not limited to, negligence, misrepresentation, intentional tort, fraud, public

6

policy tort, retaliation, battery, negligent or intentional infliction of emotional distress, and claims and retaliation claims arising under Title VII of the Civil Rights Act of 1964 and the Education Amendments of 1972, the Equal Pay Act of 1964, the Fair Labor Standards Act, the Rehabilitation Act of 1973, the Occupational Safety & Health Act of 1970, 29 U.S.C. 553, et seq., the Americans With Disabilities Act, 42 U.S.C. Sec. 12101, et seq, the Family & Medical Leave Act of 1993, 29 U.S.C. 2601, et seq., the Employee Retirement Income Security Act of 1974, 29 U.S.C., 1001, et seq., the Consolidated Omnibus Budget Reconciliation Act of 1986, 29 U.S.C. 1161, et seq., the National Labor Relations Act, 29 U.S.C. Sec. 151, et seq., the federal Telecommunications Act, 47 U.S.C. §§ 206, 207, 222 et seq., and/or Federal Communications Commission (FCC) rule violations, all as amended and codified, and claims arising under the Civil Rights Acts of 1866 and 1871, codified as 42 U.S.C. Sections 1981, 1982, 1983, 1985, 1986 and 1988, discrimination in employment under Ohio Revised Code and Chapter 4112, Ohio Revised Code 4113.52 on whistleblowing, consumer sales practices violations, and any personal injuries, including without limitation, emotional distress, defamation, and invasion of privacy, conversion, misappropriation of information and data, workers' compensation, failure to pay wages, prevailing wages, commissions, overtime wages, and any claim for unemployment compensation benefits or similar laws of other states (not previously filed and paid), and claims for punitive damages, costs or attorney's fees. Furthermore, the Plaintiff waives any right to equitable relief and/or damages in any administrative action or lawsuit with or by the Equal Employment Opportunity Commission (EEOC) and/or similar state agency.

**6.0.  No Admission Of Liability By Wireless Vision:**  By entering into this

Agreement, Wireless Vision admits no liability of any kind, and Wireless Vision

expressly denies any liability or wrongdoing.  The parties hereto further agree that

this Agreement does not constitute a determination or admission that any group of

similarly situated employees of Wireless Vision exists or is entitled to maintain a

collective action under the FLSA or any state wage payment laws in this or in any

other action.  Should this settlement not be approved, the parties understand that

they will be returned to the *status quo ante* and that Wireless Vision may argue and

prove its denials and defenses. This Settlement Agreement shall not be admissible as evidence or for any purpose in any court or in any other proceeding, except as necessary in connection with a claim of breach of this Agreement and to enforce the terms hereof.

**7.0.  No Confidentiality; Publicity**:  Plaintiff and Plaintiff's Counsel shall not initiate any press conference, press release, website, internet or media contact with respect to this settlement, nor shall they respond to inquiries from the media or non-parties regarding this settlement and the Lawsuit, except to confirm, if contacted, information available through public records.

**8.0.  Continuing Jurisdiction**:  The U. S. District Court for the Northern District of Georgia shall retain continuing jurisdiction over the parties to this Agreement for the limited purpose of administration of this settlement and enforcement of this Settlement Agreement.

**9.0.  Advice**:  The parties hereto and each of them hereby acknowledge that they have been advised that they are entitled to have their own legal counsel and tax counsel to advise them and represent them with respect to matters set forth in this Agreement, and that each has freely availed himself, herself, or itself of these rights or freely waived these rights.  The parties further warrant that each has personally reviewed this Agreement with the benefit of legal counsel and freely and voluntarily entered into this Agreement.  The parties acknowledge that each

has been fully advised with respect to rights and obligations with respect to this Agreement.

**10.0.  Modification**:  This Agreement shall not be modified or amended, except by written instrument of subsequent date executed by the parties hereto or their duly authorized legal representatives and approved by the Court.

**11.0.  Entire Agreement**:  This Agreement contains the entire agreement and understanding of the parties and supersedes any prior commitment, understandings, or agreements, oral or written, with respect to the subject hereof. Nevertheless, should additional documentation be required in order to effectuate the resolution of the Lawsuit, Named Plaintiff agrees to promptly execute such documentation and have it delivered to counsel for Wireless Vision.

**12.0.  Invalidity**:  If any provision of this Agreement is found invalid by any court of competent jurisdiction, any such finding shall not affect the validity of the remaining provisions which shall remain in full force and effect.  Further, should any party be found to breached a particular duty under this Agreement, it shall not invalidate the entire Agreement.

**13.0.  Counterparts & Signatures**:  This Agreement may be executed in one or more counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument. Facsimile and PDF documents sent by e-mail and other forms of electronic signatures shall have the

same weight and authority as original signatures.  The parties agree to execute any and all other documents necessary and proper in connection with the transaction that is the subject matter of this Agreement.  The parties warrant that each has the power and authority to execute this Agreement.

**14.0.  Choice of Law**:  This Agreement shall be governed and construed in accordance with the Fair Labor Standards Act and the law of the Eleventh Circuit, U.S. Court Of Appeals, whether or not any party is or may hereafter be a resident in other places.  The parties consent to the only jurisdiction of courts of competent jurisdiction sitting in the State of Georgia with respect to matters set forth herein. The parties expressly agree that this Agreement is the product of arms-length negotiations and mutually drafted, and, therefore, this Agreement is not to be construed for or against any party hereto.

**15.0.  No Rehire of Plaintiff**:  Plaintiff understands that his employment with Defendant is forever terminated, and he agrees that he will not seek or accept employment with Defendant from the date of this Settlement Agreement forward. Defendant is entitled to reject without cause any application for employment submitted by Plaintiff or on his behalf.  Plaintiff will not have a claim or cause of action against Defendant for its failure to employ or otherwise engage Plaintiff in an employment or contractual relationship in the future.

**16.0. No Participation In Other Litigation:**  Plaintiff understands and agrees that his participation in this settlement and the releases contained herein bar any right he may have to participate in any pending or subsequent collective or class action litigation against the Defendant related in any fashion to any claims released herein.

**17.0. Stay of Action, etc.:**  After the filing of the parties' Joint Motion For Approval Of Settlement and pending the Court's decision on final approval of the Settlement and entry of the Court's Final Approval Order, the Plaintiff shall be barred and enjoined from: (a) further litigation in this case; (b) filing, or taking any action directly or indirectly, to commence, prosecute, pursue or participate on an individual or class or collective action basis any action, claim or proceeding against Defendant in any forum in which any of the released claims (as set forth in the Settlement Agreement) are asserted, any of the Released Claims, or from asserting any claim which in any way would prevent such claims from being extinguished.

**IN WITNESS AND EXECUTION WHEREOF,** the parties hereto have set their hands effective on the date this Agreement is approved by the Court.

**WIRELESS VISION**:

By: _____    Date  8/13/18
Layla Muhammad, Vice-President of
Human Resources

11

**PLAINTIFF**:

_____     Date: ___8/13/18___
Rubin Anthony Merida

12

**Scanned with CamScanner**